# Exhibit A

**(3) Joint board**

The Commission shall convene a Federal-State joint board to recommend appropriate changes to part 36 of the Commission's rules with respect to recovery of costs pursuant to charges, practices, classifications, and regulations under the jurisdiction of the Commission.

(June 19, 1934, ch. 652, title II, § 229, as added Pub. L. 103–414, title III, § 301, Oct. 25, 1994, 108 Stat. 4292.)

REFERENCES IN TEXT

The Communications Assistance for Law Enforcement Act, referred to in subsecs. (a) and (e), is title I of Pub. L. 103–414, Oct. 25, 1994, 108 Stat. 4279, which is classified generally to subchapter I (§ 1001 et seq.) of chapter 9 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1001 of this title and Tables.

This chapter, referred to in subsecs. (d) and (e)(2), was in the original ''this Act'', meaning act June 19, 1934, ch. 652, 48 Stat. 1064, known as the Communications Act of 1934, which is classified principally to this chapter. For complete classification of this Act to the Code, see section 609 of this title and Tables.

## § 230. Protection for private blocking and screening of offensive material

**(a) Findings**

The Congress finds the following:

(1) The rapidly developing array of Internet and other interactive computer services available to individual Americans represent an extraordinary advance in the availability of educational and informational resources to our citizens.

(2) These services offer users a great degree of control over the information that they receive, as well as the potential for even greater control in the future as technology develops.

(3) The Internet and other interactive computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity.

(4) The Internet and other interactive computer services have flourished, to the benefit of all Americans, with a minimum of government regulation.

(5) Increasingly Americans are relying on interactive media for a variety of political, educational, cultural, and entertainment services.

**(b) Policy**

It is the policy of the United States—

(1) to promote the continued development of the Internet and other interactive computer services and other interactive media;

(2) to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation;

(3) to encourage the development of technologies which maximize user control over what information is received by individuals, families, and schools who use the Internet and other interactive computer services;

(4) to remove disincentives for the development and utilization of blocking and filtering technologies that empower parents to restrict their children's access to objectionable or inappropriate online material; and

(5) to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer.

**(c) Protection for "Good Samaritan" blocking and screening of offensive material**

**(1) Treatment of publisher or speaker**

No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.

**(2) Civil liability**

No provider or user of an interactive computer service shall be held liable on account of—

(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or

(B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).[1]

**(d) Obligations of interactive computer service**

A provider of interactive computer service shall, at the time of entering an agreement with a customer for the provision of interactive computer service and in a manner deemed appropriate by the provider, notify such customer that parental control protections (such as computer hardware, software, or filtering services) are commercially available that may assist the customer in limiting access to material that is harmful to minors. Such notice shall identify, or provide the customer with access to information identifying, current providers of such protections.

**(e) Effect on other laws**

**(1) No effect on criminal law**

Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, or any other Federal criminal statute.

**(2) No effect on intellectual property law**

Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.

**(3) State law**

Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

**(4) No effect on communications privacy law**

Nothing in this section shall be construed to limit the application of the Electronic Com-

---

[1] So in original. Probably should be ''subparagraph (A).''

munications Privacy Act of 1986 or any of the amendments made by such Act, or any similar State law.

**(f) Definitions**

As used in this section:

**(1) Internet**

The term ''Internet'' means the international computer network of both Federal and non-Federal interoperable packet switched data networks.

**(2) Interactive computer service**

The term ''interactive computer service'' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

**(3) Information content provider**

The term ''information content provider'' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service.

**(4) Access software provider**

The term ''access software provider'' means a provider of software (including client or server software), or enabling tools that do any one or more of the following:

(A) filter, screen, allow, or disallow content;

(B) pick, choose, analyze, or digest content; or

(C) transmit, receive, display, forward, cache, search, subset, organize, reorganize, or translate content.

(June 19, 1934, ch. 652, title II, § 230, as added Pub. L. 104–104, title V, § 509, Feb. 8, 1996, 110 Stat. 137; amended Pub. L. 105–277, div. C, title XIV, § 1404(a), Oct. 21, 1998, 112 Stat. 2681–739.)

REFERENCES IN TEXT

The Electronic Communications Privacy Act of 1986, referred to in subsec. (e)(4), is Pub. L. 99–508, Oct. 21, 1986, 100 Stat. 1848, as amended. For complete classification of this Act to the Code, see Short Title of 1986 Amendment note set out under section 2510 of Title 18, Crimes and Criminal Procedure, and Tables.

CODIFICATION

Section 509 of Pub. L. 104–104, which directed amendment of title II of the Communications Act of 1934 (47 U.S.C. 201 et seq.) by adding section 230 at end, was executed by adding the section at end of part I of title II of the Act to reflect the probable intent of Congress and amendments by sections 101(a), (b), and 151(a) of Pub. L. 104–104 designating §§ 201 to 229 as part I and adding parts II (§ 251 et seq.) and III (§ 271 et seq.) to title II of the Act.

AMENDMENTS

1998—Subsec. (d). Pub. L. 105–277, § 1404(a)(3), added subsec. (d). Former subsec. (d) redesignated (e).

Subsec. (d)(1). Pub. L. 105–277, § 1404(a)(1), inserted ''or 231'' after ''section 223''.

Subsecs. (e), (f). Pub. L. 105–277, § 1404(a)(2), redesignated subsecs. (d) and (e) as (e) and (f), respectively.

EFFECTIVE DATE OF 1998 AMENDMENT

Amendment by Pub. L. 105–277 effective 30 days after Oct. 21, 1998, see section 1406 of Pub. L. 105–277, set out as a note under section 223 of this title.

**§ 231. Restriction of access by minors to materials commercially distributed by means of World Wide Web that are harmful to minors**

**(a) Requirement to restrict access**

**(1) Prohibited conduct**

Whoever knowingly and with knowledge of the character of the material, in interstate or foreign commerce by means of the World Wide Web, makes any communication for commercial purposes that is available to any minor and that includes any material that is harmful to minors shall be fined not more than $50,000, imprisoned not more than 6 months, or both.

**(2) Intentional violations**

In addition to the penalties under paragraph (1), whoever intentionally violates such paragraph shall be subject to a fine of not more than $50,000 for each violation. For purposes of this paragraph, each day of violation shall constitute a separate violation.

**(3) Civil penalty**

In addition to the penalties under paragraphs (1) and (2), whoever violates paragraph (1) shall be subject to a civil penalty of not more than $50,000 for each violation. For purposes of this paragraph, each day of violation shall constitute a separate violation.

**(b) Inapplicability of carriers and other service providers**

For purposes of subsection (a) of this section, a person shall not be considered to make any communication for commercial purposes to the extent that such person is—

(1) a telecommunications carrier engaged in the provision of a telecommunications service;

(2) a person engaged in the business of providing an Internet access service;

(3) a person engaged in the business of providing an Internet information location tool; or

(4) similarly engaged in the transmission, storage, retrieval, hosting, formatting, or translation (or any combination thereof) of a communication made by another person, without selection or alteration of the content of the communication, except that such person's deletion of a particular communication or material made by another person in a manner consistent with subsection (c) of this section or section 230 of this title shall not constitute such selection or alteration of the content of the communication.

**(c) Affirmative defense**

**(1) Defense**

It is an affirmative defense to prosecution under this section that the defendant, in good faith, has restricted access by minors to material that is harmful to minors—

(A) by requiring use of a credit card, debit account, adult access code, or adult personal identification number;

(B) by accepting a digital certificate that verifies age; or