# Exhibit G

# CANONS OF CONSTRUCTION

# (adapted from Scalia & Garner)

**SEMANTIC CANONS**

Ordinary-Meaning Canon. Words are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense.

Fixed-Meaning Canon. Words must be given the meaning they had when the text was adopted.

Omitted-Case Canon. Nothing is to be added to what the text states or reasonably implies (casus omissus pro omisso habendus est). That is, a matter not covered is to be treated as not covered.

General-Terms Canon. General terms are to be given their general meaning (generalia verba sunt generaliter intelligenda).

Negative-Implication Canon. The expression of one thing implies the exclusion of others (expressio unius est exclusio alterius).

Mandatory/Permissive Canon. Mandatory words impose a duty; permissive words grant discretion.

Conjunctive/Disjunctive Canon. And joins a conjunctive list, or a disjunctive list—but with negatives, plurals, and various specific wordings there are nuances.

Subordinating/Superordinating Canon. Subordinating language (signaled by subject to) or superordinating language (signaled by notwithstanding or despite) merely shows which provision prevails in the event of a clash—but does not necessarily denote a clash of provisions.

Gender/Number Canon. In the absence of a contrary indication, the masculine includes the feminine (and vice versa) and the singular includes the plural (and vice versa).

Presumption of Nonexclusive "Include". The verb to include introduces examples, not an exhaustive list.

Unintelligibility Canon. An unintelligible text is inoperative.

**SYNTACTIC CANONS**

Grammar Canon. Words are to be given the meaning that proper grammar and usage would assign them.

Last-Antecedent Canon. A pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent.

Series-Qualifier Canon. When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.

Nearest-Reasonable-Referent Canon. When the syntax involves something other than a parallel series of nouns or verbs, a prepositive or postpositive modifier normally applies only to the nearest reasonable referent.

Proviso Canon. A proviso conditions the principal matter that it qualifies—almost always the matter immediately preceding.

Scope-of-Subparts Canon. Material within an indented subpart relates only to that subpart; material contained in unindented text relates to all the following or preceding indented subparts.

Punctuation Canon. Punctuation is a permissible indicator of meaning.

**CONTEXTUAL CANONS**

Whole-Text Canon. The text must be construed as a whole.

Presumption of Consistent Usage. A word or phrase is presumed to bear the same meaning throughout a text; a material variation in terms suggests a variation in meaning.

Surplusage Canon. If possible, every word and every provision is to be given effect (verba cum effectu sunt accipienda). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.

Harmonious-Reading Canon. The provisions of a text should be interpreted in a way that renders them compatible, not contradictory.

General/Specific Canon. If there is a conflict between a general provision and a specific provision, the specific provision prevails (generalia specialibus non derogant).

Irreconcilability Canon. If a text contains truly irreconcilable provisions at the same level of generality, and they have been simultaneously adopted, neither provision should be given effect.

Predicate-Act Canon. Authorization of an act also authorizes a necessary predicate act.

Noscitur a sociis - Associated-Words Canon. Associated words bear on one another's meaning.

Ejusdem Generis Canon. Where general words follow an enumeration of two or more things, they apply only to persons or things of the same general kind or class specifically mentioned (ejusdem generis).

Distributive-Phrasing Canon. Distributive phrasing applies each expression to its appropriate referent (reddendo singula singulis).

Prefatory-Materials Canon. A preamble, purpose clause, or recital is a permissible indicator of meaning.

Title-and-Headings Canon. The title and headings are permissible indicators of meaning.

Interpretive-Direction Canon. Definition sections and interpretation clauses are to be carefully followed.

Absurdity Doctrine. A provision may be either disregarded or judicially corrected as an error (when the correction is textually simple) if failing to do so would result in a disposition that no reasonable person could approve.

Principles Applicable Specifically to Governmental Prescriptions

**EXPECTED-MEANING CANONS**

Constitutional-Doubt Canon. A statute should be interpreted in a way that avoids placing its constitutionality in doubt.

Avoidance Canon (sometimes used interchangeably with above) - If a statute is susceptible to more than one reasonable construction, courts should choose an interpretation that avoids raising constitutional problems. In the US, this canon has grown stronger in recent history. The traditional avoidance canon required the court to choose a different interpretation only when one interpretation was actually unconstitutional. The modern avoidance canon tells the court to choose a different interpretation when another interpretation merely raises constitutional doubts.

Severability canon – If a particular clause or provision of a statute is unconstitutional, the remainder of the statute survives if the court can sever the unconstitutional provision

*In pari materia* - Related-Statutes Canon. Statutes in pari materia are to be interpreted together, as though they were one law.

Reenactment Canon. If the legislature amends or reenacts a provision other than by way of a consolidating statute or restyling project, a significant change in language is presumed to entail a change in meaning.

Presumption Against Retroactivity. A civil statute presumptively has no retroactive application.

Pending-Action Canon. When statutory law is altered during the pendency of a lawsuit, the courts at every level must apply the new law unless doing so would violate the presumption against retroactivity.

Extraterritoriality Canon. A statute presumptively has no extraterritorial application (statuta suo clauduntur territorio, nec ultra territorium disponunt).

Artificial-Person Canon. The word person includes corporations and other entities, but not the sovereign.

**GOVERNMENT-STRUCTURING CANONS**

Repealability Canon. The legislature cannot derogate from its own authority or the authority of its successors.

Presumption Against Waiver of Sovereign Immunity. A statute does not waive sovereign immunity— and a federal statute does not eliminate state sovereign immunity—unless that disposition is unequivocally clear.

Presumption Against Federal Preemption. A federal statute is presumed to supplement rather than displace state law.

Strict construction of (some) revenue provisions - Tax laws to be strictly construed against the state and for the taxpayer

Strict construction of public grants - Construe narrowly (in favor of government)

Negative presumption/Strict construction of statutes in derogation of sovereignty - Governments and their agencies are presumptively not included unless the statute clearly says so

"Special solicitude" canons for Native Americans, the elderly and disabled, states, veterans, etc.


**PRIVATE-RIGHT CANONS**

Penalty/Illegality Canon.  A statute that penalizes an act makes it unlawful.  Criminal prosecutions must have a basis in statute.

Rule Against Criminalizing States of Being

Ex Post Facto Rule

Bills of Attainder forbidden

Rule of Lenity. Ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor.

Mens Rea Canon. A statute creating a criminal offense whose elements are similar to those of a common-law crime will be presumed to require a culpable state of mind (mens rea) in its commission (general intent). All statutory offenses imposing substantial punishment will be presumed to require at least awareness of committing the act.

Presumption Against Implied Right of Action. A statute's mere prohibition of a certain act does not imply creation of a private right of action for its violation. The creation of such a right must be either express or clearly implied from the text of the statute.


**STABILIZING CANONS**

Presumption Against Change in Common Law. A statute will be construed to alter the common law only when that disposition is clear.

Canon of Imputed Common-Law Meaning. A statute that uses a common-law term, without defining it, adopts its common-law meaning.

Prior-Construction Canon. If a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort, or even uniform construction by inferior courts or a responsible administrative agency, they are to be understood according to that construction.

Presumption Against Implied Repeal. Repeals by implication are disfavored, but a provision that flatly contradicts an earlier-enacted provision repeals it.  Later general statute will not be held to repeal by implication prior special statute.

Repeal-of-Repealer Canon (modern version). The repeal or expiration of a repealing statute does not reinstate the original statute (contra the common law rule).

Desuetude Canon. A statute is not repealed by nonuse or desuetude.

Acquiescence Rule – Congress implicitly endorsed existing judicial precedent on an issue or a matter or statutory interpretation