UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON FYK,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | Civil Action No. 22-1144 (RC) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STRIKE THE COMPLAINT**

Defendant respectfully moves to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Rule"). In the alternative, Defendant requests that the Court enter an order striking Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8. In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of law.

Because grant of the motion to dismiss would be fully dispositive of those claims in the above-captioned civil action, the duty to confer pursuant to Local Civil Rule 7(m) does not apply. With respect to the alternative motion to strike the Complaint, Defendant's counsel met and conferred with *pro se* Plaintiff by phone. Plaintiff declined to refile a shorter, more concise complaint.

A proposed order is submitted herewith.

Dated: September 13, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

/s_____
BENTON G. PETERSON, BAR # 102984
Assistant United States Attorney
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 252-2534
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON FYK,

    *Plaintiff,*

v.

UNITED STATES OF AMERICA,

    *Defendant.*

Civil Action No. 22-1144

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE THE COMPLAINT**

**INTRODUCTION**

*Pro se* Plaintiff is unhappy with the outcome of a lawsuit that he filed against Facebook in the U.S. District Court for the Northern District of California.  He now sues the United States Government arguing that Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230 violates his rights under the First Amendment and the Due Process Clause of the Fifth Amendment.  This case is without merit.   Defendant respectfully moves to dismiss this case in its entirety based on Plaintiff's failure to establish jurisdiction and failure to state a claim for which relief may be granted.  This relief is appropriate under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  As an alternative to complete dismissal and pursuant to Rule 12(f), Defendant requests that the Court strike Plaintiff's Complaint because it is unnecessarily lengthy and consists mostly of redundant and immaterial legal arguments.

Plaintiff alleges that Section 230 of the CDA is unconstitutional both facially and as applied to him and seeks a declaration that Section 230 violates the First and Fifth Amendments of the U.S. Constitution.  *See* ECF No. 2, Compl.  ¶¶ 3, 332.  Section 230 of the Communications Decency Act ("CDA") immunizes providers of interactive computer services from civil liability for content created by third-party users.  *See* 47 U.S.C. § 230(c); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1355-56 (D.C. Cir. 2014). Section 230(c)(1) of the CDA commands that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230(e)(3), in turn, gives that provision preemptive effect, by expressly preempting any cause of action that would hold an interactive-computer-service provider liable as a speaker or publisher of speech provided by others. *See id.* § 230(e)(3).

Nearly all of Plaintiff's 143-page complaint consists of what purports to be a legal argument that Section 230 is unconstitutional.[1] He appears to be specifically focused on Section 230(c), which provides "Good-Samaritan" protections from civil liability for interactive-computer-service providers for "any action voluntarily taken in good faith to restrict access to or availability of material" that the provider considers to be objectionable. 47 U.S.C. § 230(c)(2). Plaintiff brought suit against the United States of America in this Court because the U.S. Congress and U.S. Supreme Court are located in Washington, D.C. Compl. ¶ 8.

## BACKGROUND

Plaintiff indicates that he seeks relief in this case because Section 230 immunized Facebook and prevented him from obtaining a judgement against Facebook in a separate lawsuit. Compl. ¶ 5. Plaintiff unsuccessfully sued Facebook in the U.S. District Court for the Northern District of California after Facebook removed and blocked some of the content Plaintiff posted. *Fyk v. Facebook,* No. 18-5159 2019 WL 11288576 (N.D. Cal. June 18, 2019). Plaintiff's lawsuit was dismissed after the Court held that Facebook was immune from Plaintiff's claim under Section 230. *Id.* at *3. The Ninth Circuit affirmed the trial court's dismissal. *Fyk v. Facebook, Inc.*, 808 Fed.Appx. 597 (9th Cir. 2020) cert. denied, 141 S.Ct. 1067 (2021).

In the instant case, Plaintiff now alleges that the application of Section 230 to his lawsuit against Facebook violated his rights under the First and Fifth Amendments of the U.S. Constitution. Plaintiff fails to offer a concise statement describing the violations of his rights under the First Amendment but devotes much of his complaint to a lengthy discussion of the content moderation policies of Facebook and other social media companies. Compl. ¶¶ 28, 66-74, 166-260. Plaintiff alleges that his Fifth Amendment rights were violated when he was denied Due Process by the California courts and the U.S. Supreme Court when Facebook, which he

---

[1] Plaintiff also attached 35 exhibits totaling over 450 pages.

deems a "proxy agent" "[took] action under the aegis of government [sic]" and deprived him "of his liberty and property without so much as a single hearing on the matter." Compl. ¶ 54.

## STANDARD OF REVIEW

### I.      Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Defendant moves to dismiss Plaintiffs' claims under Rule 12(b)(1) for lack of subject matter jurisdiction, on the ground that Plaintiff has failed to establish standing. In reviewing a motion to dismiss under Rule 12(b)(1), a court is guided by the principle that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, "a federal court must presume that it 'lack[s] jurisdiction unless the contrary appears affirmatively from the record.' *State of W. Virginia v. United States Dep't of Health and Human Servs.*, 145 F. Supp. 3d 94, 98 (D.D.C. 2015) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).   "The burden of demonstrating the contrary, including establishing the elements of standing, 'rests upon the party asserting jurisdiction.' " *Id.* (quoting *Kokkonen,* 511 U.S. at 377).  When considering jurisdiction based on the face of a plaintiff's complaint, a court "must accept 'well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Id.* (quoting *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  However, the court need not "assume the truth of legal conclusions," *id*. (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)), "nor 'accept inferences that are unsupported by the facts set out in the complaint,' " *id*. (quoting *Islamic Am. Relief Agency v. Gonazelz*, 477 F.3d 728, 732 (D.C. Cir. 2007).   Rather, in order to avoid dismissal, a complaint must "contain sufficient factual matter 'to state a claim [of standing] that is plausible on its face.' " *Id.* (quoting *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

## II.     Rule 12(b)(6) Failure to State a Claim

Defendant also moves in the alternative for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that Plaintiff fails to state a claim upon which relief can be granted. A Rule 12(b)(6) challenge "tests the legal sufficiency of a complaint." *Kemp v. Eiland*, 139 F. Supp. 3d 329, 335 (D.D.C. 2015). (citing *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).  In evaluating such a claim, the plausibility requirement of *Ashcroft* and *Twombly* applies to the merits of a plaintiff's claims. *See id*. Thus, in order to withstand a motion to dismiss under Rule 12(b)(6) a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  The court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice."*Kemp*, 139 F. Supp. 3d at 335-36 (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

A Rule 12(b)(6) motion to dismiss assesses the sufficiency of a complaint, testing whether the plaintiff has pled sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Twombly*, 550 U.S. at 570.8 In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 678.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting *Twombly*, 550 U.S. at 555). Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," *Twombly*, 550 U.S. at 556, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## ARGUMENT

### I.    Plaintiff's Complaint Should be Dismissed for Lack of Standing.

Plaintiffs fails to establish standing, and thus this case should be dismissed for lack of subject matter jurisdiction. "The judicial power of the United States" is limited by Article III of the Constitution "to the resolution of 'cases' and 'controversies,' " *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982), and the demonstration of a plaintiff's standing to sue "is an essential and unchanging part of the case-or-controversy requirement," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing, moreover, is "built on separation-of-powers principles" and thus "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138, 1146 (2013). Consistent with this purpose, the standing inquiry must be "especially rigorous" when reaching the merits of a claim would force a court to decide the constitutionality of actions taken by a coordinate Branch of the Federal Government. *Id.* at 1147.

The "irreducible constitutional minimum of standing" contains three elements. First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which

is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 560-61. Here, assuming for purposes of this motion only that Plaintiff has alleged a cognizable injury-in-fact, he still fails to establish Article III standing because no such injury is traceable to an organ of the U.S. Federal Government, nor could the alleged injury be redressed by declaring Section 230 to be unconstitutional and enjoining its enforcement.

      A.      **Plaintiff Has Not Alleged a Cognizable Injury In Fact**

There is no Article III case or controversy unless a plaintiff pleads and proves an "injury in fact," that is, "an invasion of a legally protected interest" which is "concrete and particularized" and affects the plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560-61, n.1. Nowhere in his voluminous Complaint does Plaintiff ever articulate the specific legally protected interest that he believes Defendant infringed upon. Instead, after first stating incorrectly that he does not need standing to challenge Section 230 of the CDA, Plaintiff asserts that he in fact has standing "based on the violation of his specific liberties and the taking of his specific property without Due Process Guaranteed by the Fifth Amendment and…for the violation of his free speech guaranteed by the First Amendment." Complaint ¶6. Plaintiff further alleges that he "lost hundreds of millions of dollars" when Facebook "stripped [Plaintiff] of his livelihood." Compl. ¶ 84.

Plaintiff has not alleged any particularized, concrete injury in this case but rather bases his claim to standing on his proposition that Section 230's immunity provision for interactive computer services allowed Facebook to take some unspecified action against him and that this

cost him a large sum of money. Plaintiff implies that Facebook took these unspecified actions against him because he is a "commercial competitor." Compl., ¶ 5, fn 8. These vague and conclusory references to unspecified actions taken by Facebook and Plaintiff's efforts to seek recourse in a separate lawsuit are insufficient to establish standing. "At the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice,' and the court 'presumes that general allegations embrace the specific facts that are necessary to support the claim.' " *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C.Cir.2002) (*quoting Lujan*, 504 U.S. at 561). However, nondescript and conclusory allegations of injury are not the type of general factual allegations from which the Court may presume the specific facts necessary to ensure that the plaintiff has standing, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized. *Brown v. F.B.I.,* 793 F. Supp 2d 368, 374 (D.D.C. 2011) (internal citations removed). Plaintiff's Complaint does not explain with sufficient clarity what happened, what concrete property or liberty interests of his were affected, and who infringed on those interests. Accordingly, the Complaint fails the first requisite prong of the standing test.

        1.    *Because Plaintiff Fails To Allege a Cognizable Injury In Fact, He Cannot Establish That Such Injury Will Be Redressed By a Favorable Decision.*

To establish redressability, a plaintiff must demonstrate that it is "likely, as opposed to merely speculative that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotations and citation omitted). Plaintiff's complaint fails to articulate how a declaration that Section 230 is unconstitutional would redress the unspecified injuries he incurred as a result of his dispute with Facebook. Without details as to what specific harms Plaintiff is putting at issue in this case, it is impossible to determine whether the relief he seeks would redress those harms. It is entirely speculative for Plaintiff to allege that but for Section 230,

Facebook would not have removed or blocked his posts because it ignores the possibility that Facebook might have had an independent, alternate legal basis for taking whatever the action was and would later be able to prevail on the merits in court. Here, Plaintiff implies that he would not have suffered violations of his Due Process and First Amendment rights at the hands of Facebook but for Section 230, but he never offers more than a conclusory statement in support of that position. Indeed, absent Section 230, Facebook could have prevailed on the merits. Accordingly, Plaintiff cannot meet the redressability prong of the standing requirement without articulating a concrete particularized injury and explaining how such injury would be redressed by a declaration that Section 230 is unconstitutional.

### B. Even If He Alleges a Redressable Injury in Fact, Plaintiff Fails to Show How Such an Injury is Fairly Traceable To Defendant

Plaintiff lacks standing because his cannot show that whatever injury he incurred based on the actions of a private social media company is fairly traceable to the Defendant, the Government of the United States. The causation prong of the standing inquiry asks whether "it is substantially probable that the challenged acts of the defendant, not some absent third party, will cause the particularized injury of the plaintiff." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (internal citations omitted). As the Supreme Court has recognized, an alleged injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *See Lujan*, 504 U.S. at 560 (*quoting Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)); *see also Lujan* at 504 U.S. at 560-62 (injury caused by choices made by independent actors not before the courts is insufficient to confer standing).

Here, Plaintiff does not allege, much less establish, that any part of the U.S. Government caused an injury to him. To the extent Plaintiff alleges an injury, that injury was caused or will

be caused by "the independent action of some third party not before the court"--namely Facebook, and thus is insufficient to establish standing to sue the United States. *Lujan*, 504 U.S. at 560.  Indeed, Plaintiffs' Complaint focuses at length on the specific decisions of private social media companies to remove particular content under their private terms of service. *See* Compl. ¶¶ 26-27; 42-47. But Plaintiff pleads no facts showing that this private conduct from a third-party is fairly traceable to the United States Government.

Nor can Plaintiff establish causation by challenging Section 230 of the CDA itself. In a lengthy argument that takes up most of his complaint, Plaintiff alleges that social media companies unfairly moderate the content of its users' online activity and that they do so because of Section 230. *See*  Compl. ¶¶ 28, 66-74, 166-260. But contrary to Plaintiffs' allegations, Section 230 does not delegate any of the U.S. Government's authority to Facebook or any other private company. Instead, this statutory provision simply provides an immunity from civil lawsuits filed by private parties against other private parties for harms allegedly caused by certain information posted on the internet. *See* 47 U.S.C. § 230(c). Because he does not identify any component of the U.S. Government that enforces Section 230, Plaintiff cannot establish that he incurred injuries that were caused or will be caused by Defendant's actions.

**II.     Plaintiff's Complaint Fails to State a Claim Because it Identifies No Government Action that Implicates Either the First or Fifth Amendments.**

Plaintiff's complaint fails to state a claim because he identifies no federal government action that deprived him of his constitutional rights.  Plaintiff alleges that "the application of the CDA"…in his lawsuit involving Facebook…" had the effect of violating his Fifth Amendment [D]ue [P]rocess rights and/or suppressing his First Amendment rights."  The First Amendment, however, applies only to the state and federal government, not to private parties. *See, e.g., Hudgens v. N.L.R.B.*, 424 U.S. 507, 513 (1976) ("It is, of course, a commonplace that the

constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state.") (citing *Columbia Broad. Sys., Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 114 (1973)); *see also Denver Area Educ. Telecomms. Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737 (1996) ("We recognize that the First Amendment, the terms of which apply to governmental action, ordinarily does not itself throw into constitutional doubt the decisions of private citizens to permit, or to restrict, speech . . . ."). Accordingly, Plaintiff must identify a specific government action to state a claim under the First Amendment. He has not done so.

Plaintiff's claim under the Due Process Clause of the Fifth Amendment also fails to meet the requirement that the violation be caused by the government. "The Due Process Clause, whether it be the one found in the Fifth Amendment or the Fourteenth Amendment, protects individuals from deprivations of due process by state actors." *Black Lives Matter D.C. v. Trump,* F. Supp.3d 15, 49 (D.D.C. 2021) (quoting *Fennell v. AARP,* 770 F. Supp.2d 118, 132 (D.D.C. 2011). Plaintiff alleges that he "lost hundreds of millions of dollars" when Facebook "stripped [Plaintiff] of his livelihood" and deprived him "of his liberty and property without so much as a hearing." Compl. ¶ 54, 84. Plaintiff is likely referencing the allegation from his unsuccessful lawsuit against Facebook that Facebook improperly handled content that he posted to Facebook's network. There is no state or government action in this allegation.

Plaintiff makes the baseless assertion that Section 230 made Facebook an "administrative agency" with "enforcement responsibilities" and that under Section 230, Facebook made new law by establishing "Facebook's Community Standards." Compl. para X, 89. Plaintiff is wrong. Private companies do not become state or government actors by providing social media networks to the public and moderating the content in those forms. *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp.3d 30, 40 (D.D.C. 2019); *see also, e.g., Davison v. Facebook,* 370 F.Supp.3d 621,

10

629 (E.D. Va 2019) (dismissing the plaintiff's claim against Facebook for violation of the First Amendment because Facebook's promulgation of its terms of service and provision of social media services do not make it a state actor); *Shulman v. Facebook.com*, 2017 WL 5129885, at *4 (D.N.J. Nov. 6, 2017) (rejecting the plaintiff's First Amendment claim against Facebook because Facebook is not a state actor, and noting that "efforts to apply the First Amendment to Facebook ... have consistently failed"). Section 230 at most provides a defense against civil liability for purely private action. Accordingly, the application of Section 230 in a lawsuit between Plaintiff and Facebook falls far short of the requisite government involvement to support a violation of the First and Fifth Amendments.

## II.    Plaintiff's Complaint Does Not Comply With Rule 8.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  A complaint that is "unnecessarily lengthy" fails to meet Rule 8's standard. *Jiggetts v. District of Columbia*, 319, F.R.D. 408, 414 (D.D.C. 2017). Indeed, "[i]t is well established that '[un]necessary prolixity in a pleading, places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.*, at 415 (alteration in original) (quoting *Ciralsky v. CIA,* 355 F.3d 661, 699 (D.C. Cir. 2004).).

Plaintiff's complaint is unnecessarily lengthy.  The Complaint contains 346 enumerated paragraphs and spans  pages, not including 35 exhibits totaling over 450 pages. *See Ciralsky*, 355 F.3d at 669 (finding no abuse of discretion in order striking complaint containing "367 numbered paragraphs" and noting that this "was hardly a harsh judgment"); *Currier v. Town of Gilmanton*, Civ. A. No. 18-1204, 2019 WL 3779580, at *2 (D.N.H. Aug. 12, 2019) (granting motion to dismiss complaint containing "291 paragraphs"); *Georgeoff v. Barnes*, Civ. A. No. 09-0014, 2009 WL 2757042, at *1 (E.D. Mo. Aug. 26, 2009) (dismissing complaint containing "242

numbered paragraphs"); *Jackson v. Ashcroft*, Civ. A. No. 02-3957, 2004 WL 2674409, at *1 (N.D. Ill. Oct. 29, 2004) (granting motion to dismiss complaint containing "304 numbered paragraphs"); *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 510 (S.D. Ind. 1999) (granting motion to strike complaint containing "145 numbered paragraphs").

The District Court has the discretion to strike "from a pleading… any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Rule 12(f), moreover, is "not only the appropriate remedy" for striking such extraneous matters, but "'also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct.'" *In re Merrill Lynch & Co., Inc. Research Reports Sec. Lit.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed. 1990)).

The same result should apply here. If not dismissed for failure to establish jurisdiction or state a claim, the Complaint should be stricken because it is unnecessarily voluminous and is riddled with lengthy, redundant legal arguments and vague statements about the factual basis for Plaintiff's claim for relief in this case. The Complaint as written is unwieldy and this hinders Defendant's ability to respond fully to Plaintiff's allegations. If the Court denies Defendant's Motion to Dismiss, Defendant asks the Court to strike Plaintiff's Complaint without prejudice so that he may refile a complaint that complies with Rule 8.

\* \* \* \* \* \*

**CONCLUSION**

Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for failure to establish jurisdiction and failure to state a claim. If the Court is not inclined to dismiss Plaintiff's complaint in its entirety, Defendant respectfully requests that the Court strike Plaintiff's Complaint and allow him to file a new complaint that complies with Rule 8.

                                    Respectfully submitted,

                                    MATTHEW M. GRAVES, D.C. Bar #481052
                                    United States Attorney

                                    BRIAN P. HUDAK
                                    Chief, Civil Division

                                    /s_____
                                    BENTON G. PETERSON, BAR # 102984
                                    Assistant United States Attorney
                                    555 4th Street, N.W. – Civil Division
                                    Washington, D.C. 20530
                                    (202) 252-2534
                                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true copy of the foregoing to be delivered to Plaintiff via the Court's electronic case filing system

                                                     */s/*_____
                                                     BENTON PETERSON
                                                     Assistant United States Attorney