Exhibit #1

| | |
|---|---|
| **From:** | Jeff Greyber |
| **To:** | Peterson, Benton (USADC) |
| **Cc:** | Constance Yu; Heather Casebolt |
| **Subject:** | Re: Fyk v. US 22-1144 |
| **Date:** | Tuesday, September 13, 2022 9:05:31 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image001.png |
| | image002.png |
| | image001.png |
| | image002.png |

Benton,

You asking me to suggest to you how I should shorten my work without any explanation (or even a hint) from you as to how the supposed length of my work frustrates the AG's answering the CC is not the way it works. A true conferral from the AG (if conferral is what this is supposed to have been starting at 4:12pm the day before an enlarged deadline) would have been actually pointing out what is actually too long other than just nakedly saying it is too long and, more importantly, pointing out what about such purported length is confusing or unnecessarily complicating things for the AG. I look forward to the AG's length response in the next 2hrs 55mins.

Thank you,

Jeffrey L. Greyber, Esq.
Of Counsel
Fully Licensed: FL, TX, NY, NJ, DC
Partially Licensed: PA, IL
Callagy Law, P.C.
P.O. Box 741214
Boynton Beach, Florida  33474
(201) 261-1700 (o)
(201) 549-8753 (f)
Email:  jgreyber@callagylaw.com
www.callagylaw.com

> On Sep 13, 2022, at 8:51 PM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:
>
>
> Jeff,
>
> To the extent you suggest I would be in a position to assist in the editing of the Complaint to make it more concise, I respectfully disagree.  I agree we are at impasse, but not simply because it is "too long."  Given that you appear to believe every paragraph is necessary I don't see any area for agreement this time.
>
> Regards,
> Benton

**From:** Jeff Greyber <jgreyber@callagylaw.com>
**Sent:** Tuesday, September 13, 2022 6:08 PM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Constance Yu <cyu@plylaw.com>; Heather Casebolt <hcasebolt@callagylaw.com>
**Subject:** [EXTERNAL] RE: Fyk v. US 22-1144

Benton,

My point is, as to the royally messed up law that is Section 230 (and the many associated ways in which it is unconstitutional and / or violative of canons of statutory constructive and / or legal tenets / doctrines and / or *etc.*), the current length of the CC is "short and plain." Plus, the "short and plain" standard is a floor, not a ceiling. Plus, ever since *Twombly*, the plaintiff cannot risk leaving out substance. The only way the "short and plain" standard cuts against a plaintiff is if the "sin" of wordiness has been committed in a "shotgunning" context. And the idea of "shotgunning" is that somehow the amount of words (or the words themselves) I used confused the AG into not knowing what is said in a way that frustrates the AG's answering the CC. All you have told me (a couple times now) is that you think the CC is long. Yes, the CC is long … it has to be, there is much indispensable substance behind each point made. But the question remains – what about length (or words used) is confusing the AG in a way that frustrates the AG's answering the CC? Again, length in and of itself is not a basis for a "shotgun"-based motion to dismiss. If you seek my clarification of something (in order to help the AG better understand what the CC is about such that AG cannot be heard to say adequate notice has not been provided), I'm happy to further discuss. I'm trying to discuss. But I just keep getting "it is too long." If "it is too long" is all the AG has for me, then, yes, we are regrettably at an impasse. If, however, the AG wants to discuss along the lines of "gosh, Jeff, paragraph number XX of the CC is so wordy I don't understand what is being said, what are you saying?," then I would be happy to engage in clarification. Are there any averments the AG does not understand? I'm not asking whether the AG agrees or disagrees with averments, I'm asking if there is something about the words I employed that has the AG scratching its head as to what my words mean? Thank you.

Thank you,

**Jeffrey L. Greyber, Esq.**
**Of Counsel**
**Fully Licensed: FL, TX, NY, NJ, DC**
**Partially Licensed: PA, IL**
**Callagy Law, P.C.**
**P.O. Box 741214**
**Boynton Beach, Florida  33474**
**(201) 261-1700 (o)**
**(201) 549-8753 (f)**

Email: jgreyber@callagylaw.com
www.callagylaw.com





*"Fundamentally changing the way people feel about lawyers, one client at a time."*
**CONFIDENTIALITY NOTICE: This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510 - 2521 and is legally privileged.  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipient(s) is prohibited and may be unlawful. You must delete this message and any copy of it (in any form) without disclosing it.**
**If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.**

**From:** Peterson, Benton (USADC) [mailto:Benton.Peterson@usdoj.gov]
**Sent:** Tuesday, September 13, 2022 5:37 PM
**To:** Jeff Greyber <jgreyber@callagylaw.com>
**Cc:** Constance Yu <cyu@plylaw.com>; Heather Casebolt <hcasebolt@callagylaw.com>
**Subject:** RE: Fyk v. US 22-1144

Jeff

Your position is understood in opposing the request. To be as clear as I can be, 134 pages in this context appears to be violative of the federal rule mandate to file a short and plain statement in and of itself.  Given your position that you have no suggestion to shorten the complaint and still make the necessary statement, makes it clear we are at an impasse on this issue.

Benton

---

**From:** Jeff Greyber <jgreyber@callagylaw.com>
**Sent:** Tuesday, September 13, 2022 4:49 PM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Constance Yu <cyu@plylaw.com>; Heather Casebolt <hcasebolt@callagylaw.com>
**Subject:** [EXTERNAL] Re: Fyk v. US 22-1144

Benton,

Respectfully, I am legitimately confused by this "discussion." I believe this exercise should be the other way around - where do you think the CC warrants shortening? You're asking the drafter (me, who put roughly ten months into it trying to make a complex issue as short as possible) where to suggest where I think I can shorten my work? I don't have that suggestion; again, I believe I made a complex situation as short as it can be without losing critical substance. So, when I say I believe this exercise should be the other way around, I am requesting detail from the CC reviewer / responder (you) as to where the CC should be shortened? And length in and of itself is not a basis for a "shotgunning" motion to dismiss argument (if that is what your emails of yesterday and today are forecasting) … rather, if a prospective "shotgunning" argument is what the AG is intimating, the argument would have to be that length has somehow confused the AG in a way that frustrates the AG's answering the CC. If that is the case, in the same vein of my above query (where does the AG think the CC needs to be shortened?), where is the AG confused by what is said in the CC? Put differently, how is the AG not on notice of what the CC places at issue such that the AG is unable to answer the CC today? Thank you.

Thank you,

Jeffrey L. Greyber, Esq.
Of Counsel
Fully Licensed: FL, TX, NY, NJ, DC
Partially Licensed: PA, IL
Callagy Law, P.C.
P.O. Box 741214
Boynton Beach, Florida  33474
(201) 261-1700 (o)
(201) 549-8753 (f)
Email:  jgreyber@callagylaw.com
www.callagylaw.com

> On Sep 13, 2022, at 4:35 PM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:

Jeff

Thank you for your response. To be clear I was not requesting additional time. I was seeking your position on the request to shorten the Complaint. Also, while this matter has been pending some time for you, please recall that I had no knowledge of this matter until a little over 30 days ago (because of what looks like an administrative error). I appreciate your thoughtful position and while we do not agree at this moment, after reading our position in response to the Complaint, if you would like to suggest edits to the Complaint that would be acceptable to Plaintiff, I will be open to changing our position on the request to shorten the Complaint.

Regards,
Benton

---

**From:** Jeff Greyber <jgreyber@callagylaw.com>
**Sent:** Tuesday, September 13, 2022 2:15 PM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Constance Yu <cyu@plylaw.com>; Heather Casebolt <hcasebolt@callagylaw.com>
**Subject:** [EXTERNAL] RE: Fyk v. US 22-1144
**Importance:** High

Benton,

We filed this Constitutional Challenge ("CC") in April 2022. The United States had 60 days to respond (30 more days than typical cases). Only days from your initial response deadline (back in August 2022), you asked Mr. Fyk for an additional 60 day extension because of "administrative errors." We graciously made a voluntary concession to enlarge the response date till September 13, 2022, because it is a complex and lengthy case. Now, yesterday (later in the day, to boot), the day before your response was / is due (today), you're asking us to *amend our CC* because you contend it is verbose. Respectfully, this is something you should have asked us back in August 2022 when you requested enlargement.

We believe our CC is as concise as can be, roughly ten months of work went into drafting it. Reason being, the Gordian Knot (put mildly) that is the CDA (47 U.S.C. § 230) has a mountain of "questionable precedent" surrounding it, spanning a little more than twenty-six years (the CDA was enacted in 1996 for far different reasons than the abusive current day use) of erroneous court rulings that the CC had to unpack / untwist and

adequately explain. That was not a simple task that can be truncated without losing substance. In sum, believe it or not, the CC that was filed is the short version.

We also cannot help but suspect that your inclination is to file some sort of motion to dismiss, though we cannot possibly see what the grounds would be. Unless the underlying message from yesterday's email was / is that you're going to move to dismiss based on length / wordiness? Which would be a waste of time (dismissal without prejudice to amend, at worst from our side) amounting to nothing more than a procedural maneuver to buy another "extension" for the AG. If we comply with your request to somehow narrow the CC (again, not really sure how we could do that at this point after roughly ten months of trying our level best to whittle it down before filing), we suspect we would be met with yet another motion to dismiss of some sort, so we feel it makes more sense to deal with a motion to dismiss now rather than later. We are also contemplating filing a national injunction if progression of this matter is going to be slowed down any further than it already has – the United States has had ample time to respond (140 days – over a third of a year).

With that said, we are not unreasonable and ultimately want to see the right thing happen with the CDA to protect millions and millions across this country (and the world, for that matter). Recently, the Biden Administration released: "Principles for Enhancing Competition and Tech Platform Accountability" calling for "fundamental reforms to Section 230." Mr. Fyk is well aware of the political and economic implications a case like this has. Since the Biden Administration is seemingly inclined to reform Section 230, this may present an opportunity to discuss an efficient stipulated resolution with you.

Section 230 is widely misunderstood and misapplied by the courts. It is irrefutable, in our opinion, that Section 230 is an administrative law. It is irrefutable that it delegates authority the United States does not have the power to abdicate to any commission, public, or private. The Supreme Court has already shown a track record (historically, and very recently) of striking laws that are unconstitutional delegations like Section 230 (recently, *e.g.*, the OSHA vaccination cases noted in the CC and also WVa vs. EPA). Section 230 is destined to be revoked, and both sides of the aisle (red and blue) should agree and largely do agree … maybe for different reasons, but agreement nevertheless, a rarity in today's political landscape. Indeed, the recent Biden Administration release (attached) is not really new news … back during the 2020 election cycle, there was an equal amount of news releases from both Presidents Biden and Trump agreeing on our underlying issue – 230 is royally messed up and needs to go.

We believe there is an opportunity for the executive branch to do the right thing here and take the "win" *via* you. If the AG's office is inclined to stipulate that Section 230(c)(1) is being misapplied to active publishing decisions and Section 230(2) is unconstitutional and should be struck, it would pave the way for the bi-partisan antitrust legislation that is being proposed. This could act as the catalyst that "fundamental[ly] reforms Section 230."

We are open to discussing a stipulated, expeditious, resolution that works for all parties. So, although our initial reaction to your email yesterday is that we can neither agree to trim the CC nor provide any further CC response extension (and this reaction will be our position if there is no further explanation / discussion from you today), we would be open to providing you with one more enlargement (if you need it) so that we can discuss the kind of expeditious stipulation that I just noted. Please promptly advise. Thank you.

Thank you,

**Jeffrey L. Greyber, Esq.**
**Of Counsel**
**Fully Licensed: FL, TX, NY, NJ, DC**
**Partially Licensed: PA, IL**
Callagy Law, P.C.
P.O. Box 741214
Boynton Beach, Florida  33474
(201) 261-1700 (o)
(201) 549-8753 (f)
Email: jgreyber@callagylaw.com
www.callagylaw.com





*"Fundamentally changing the way people feel about lawyers, one client at a time."*

**CONFIDENTIALITY NOTICE:** This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510 - 2521 and is legally privileged.  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipient(s) is prohibited and may be unlawful. You must delete this message and any copy of it (in any form) without disclosing it.

If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.

---

**From:** Jeff Greyber
**Sent:** Tuesday, September 13, 2022 9:22 AM
**To:** Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov>
**Cc:** Constance Yu <cyu@plylaw.com>; Heather Casebolt <hcasebolt@callagylaw.com>
**Subject:** Re: Fyk v. US 22-1144

Good morning, Benton, doing well here … thanks for asking and I hope you can say the same. Your request is not as simple as you simply put, I'm working on a substantive response for you within the next few hours. Thank you.

Thank you,

Jeffrey L. Greyber, Esq.
Of Counsel
Fully Licensed: FL, TX, NY, NJ, DC
Partially Licensed: PA, IL
Callagy Law, P.C.
P.O. Box 741214
Boynton Beach, Florida  33474
(201) 261-1700 (o)
(201) 549-8753 (f)
Email:  jgreyber@callagylaw.com
www.callagylaw.com

On Sep 12, 2022, at 4:12 PM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:

Jeff,

Hope you are well. After internal discussion, I write to ask Plaintiff's position on amending the complaint to present a shorter and more concise version. I feel that this would allow for a more efficient resolution of this matter and focus the arguments before the Court. Please let me know plaintiff's position on the general request as soon as possible and if agreeable I would be happy to discuss further if necessary.

Regards,

Benton